## Richmond.

### LEONARD v. LEONARD'S EX'OR AND ALS.

January 10th, 1884.

1. WILLS—*Construction.*—Testator by sixth clause of his will says : "I give to my wife, for life, one-third of the net income of my estate, after allowing for interest on debts, &c., but not for quotas of principal on debts to banks, &c. If she thence receive less than $720 per annum, then the allowance is to be increased to that sum (out of the said net annual income), so long as said one-third net annual income is less than that sum, and provided she receives not under· this clause more than said net annual income, should the net annual income (entire) fall short of that sum per annum."

HELD :

This is not a bequest of a sum certain, but of a proportion of the net annual income, not to exceed $720, unless one-third of said net annual income be more, and not to be less than that sum, unless the whole net annual income should be less, but not to exceed the net annual income in any event.

2. IDEM—*Idem—Codicil.*—By codicil same testator says : "My wife having, since execution of my will, derived from her father's estate an annuity of $1,000 for life, I revoke my will so far as it gives her more than one-third of the net annual income of my estate, provided she receives the said annuity from her father's estate, or at least one-third thereof."

HELD :

This codicil provides that the wife should never receive under the sixth clause, more than one-third of the net annual income, whether less than $720 or not, unless the annuity falls short of $333.33 per annum.

Appeal of Caroline Leonard from decree of corporation court of city of Norfolk, entered 19th January, 1881, in suit in equity, instituted by E. M. Lowe, executor of Abraham F. Leonard, and continued by A. J. Dalton, administrator

d. b n. c. t. a., against Caroline Leonard, widow of A. F. Leonard, deceased, and others. The object of the suit was to obtain from the court a construction of the testator's will, and instructions for the administration of the estate, real and personal. The court below decided adversely to the claims of Caroline Leonard, the widow, and hence she appealed.

Opinion states the case.

*W. H. Burroughs* and *J. J. Burroughs,* for the appellant.

*Brooke* and *T. R. Borland,* for the appellees.

Lacy, J., delivered the opinion of the court.

This is an appeal from a decree of the corporation court of the city of Norfolk, entered in a suit in chancery, in which the appellant was defendant, and the appellee was plaintiff.

The case is as follows: A. F. Leonard, the late husband of the appellant, Caroline Leonard, died in 1870, and his will was admitted to probate in the corporation court of the city of Norfolk on the 7th day of January, 1871, and E. M. Lowe, the executor named in the will, qualified as such, and took possession of the real and personal estate of the testator.

In May, 1871, the executor filed a bill in chancery for the purpose of obtaining the instructions of the court as to the management and administration of the estate, real and personal, making the appellant (the widow) and the creditors of A. F. Leonard, and his devisees and legatees, parties defendant in this suit. The estate of the testator has been settled, but the question which is involved in this appeal is the true construction and interpretation of the sixth clause of the testator's will, taken in connection with the

first codicil to the said will. The said sixth clause of the will is as follows: "I give to my said wife, Caroline Leonard, for and during her natural life (for her sole and separate support and maintenance, free from the control of any person or persons whomsoever), one-third of the net annual income of my estate, after making proper allowance for interest on my debts remaining unpaid, taxes, insurance unpaid, &c., but not for quotas of principal on debts due to banks, companies, associations, individuals, &c., the same to be paid on her separate receipt, from time to time; and if she should receive from the said one third net income less than seven hundred and twenty dollars per annum, then I direct that this allowance be increased to seven hundred and twenty dollars per annum, and (out of the said net annual income), so long as the said one-third net annual income shall be less than seven hundred and twenty dollars per annum; and provided that she shall not under this ·clause receive more than the said net annual income, should the said net annual income (entire) fall short of seven hundred and twenty dollars per annum. My execu-·tor can act as trustee to carry out the provision contained in this clause, which is to cease at my said wife's death."

The first codicil is as follows: "My wife, Caroline Leon-·ard, having derived from her father, Joseph E. Davis (lately ·deceased), a legacy of one thousand dollars per annum for life, since the execution of my said will, I hereby revoke such portions of my said will as give her more than one-third of the net annual income of my estate: provided she ·shall receive from time to time the said annual legacy from the estate of her said father, or at least one-third thereof."

The decree of the corporation court of January 19th, 1881, construed the will as to this sixth clause and codicil as follows:

"That the legacy to Caroline Leonard, the widow of A. F. Leonard, deceased, bequeathed by the sixth clause of

the last will and testament of said A. F. Leonard, deceased, is limited by said will to such net income of his estate as is designated in said clause of his said will; that there being no such net income between the periods of December 20th, 1870, and December 20th, 1877, there was nothing for her to take, and that she is therefore not entitled to recover anything of the principal of the estate for that period; that the effect of the codicil to the said will upon the bequest aforesaid is immaterial for the said period during which there was no net annual income from the said estate; that from the 20th December, 1877, the date at which the entire estate of the said A. F. Leonard was sold, the said Caroline Leonard is entitled to receive, in view of the codicil, one-third only of the annual interest on the residue of the estate after payment of debts and costs, annually during her life as long as she receives from her father's estate an annual amount equal to three hundred and thirty-three dollars and thirty-three cents; that for every year she failed to get of her father's estate an amount equal to three hundred and thirty-three dollars and thirty-three cents, she will be entitled to receive at least seven hundred and twenty dollars of her said husband's estate, if the annual interest on said residue be so much, even if it consumes the whole of the annual interest on such residue, and if the one-third of the said annual interest amount to more than seven hundred and twenty dollars, then she will be entitled to receive the one third of said annual interest, be it what it may "

The appellant insists that she is entitled under her husband's will by the sixth clause and the said codicil to demand and to receive a legacy of seven hundred and twenty dollars annually; that the estate was indebted to her on the 1st day of January, 1877, by reason of this legacy, $3,275, with interest on each year's annuity from the time it became due, after giving the executor credit for $1,045 paid

to her in the year 1872, it being annuity for six years at $720 per year, making $4,320, with interest as before stated; that the fact that the rents and profits of the estate were less than payments made for expenses, taxes and interest, does not impair or affect her legacy; that the effect of the sixth clause of the will was to give her $720 at the least, and that the codicil does not revoke this bequest, unless she receive an annual legacy of $1,000, or one third of that amount, regularly or from time to time; that the testator did not intend the revocation to be effectual unless this annuity was a permanent fund; that she is entitled to the sum of $720 for each year that has expired since the 24th of January, 1871, with interest on said sums, subject to a credit of the sums paid her by the executor of A. F. Leonard, the balance thus found to be paid to her at once out of the assets of the estate under the control of the court; and the sum of $720 to be paid to her annually hereafter during her life out of the estate; that there is nothing in the language of the will to indicate that the testator intended to do anything more than to give to his widow a certain sum annually for her support and maintenance.

The fourth clause in the will of the father of the appellant under which she claims is as follows: " I give and devise to my daughter, Caroline Leonard, the tract of land in the parish of Madison, State of Louisiana, containing about 1,100 acres, to have and hold the same in fee simple, with the right to dispose of the same as she may see fit; and further, I desire my executors hereafter appointed to pay her from the proceeds of the property sold as hereafter directed, or from the debts collected; one thousand dollars annually during her life."

Before the foregoing was made and published, the husband of the appellant here wrote the sixth clause of his will, seen above; after the said will of appellant's father was published, appellant's husband wrote the codicil cited above.

Now, in ascertaining the intention of the testator, the husband of the appellant, we must look to his will. If he had desired to bequeath to his wife a fixed certain sum to be hers in any event, and to carry interest from his death, or one year thereafter, he had only to so provide, but upon an inspection of the said clause in question, we find that he provided that she should have *one-third* of the net annual income, after making certain allowances for interest, insurance, taxes, repairs, &c., but none for quotas of principal on debts due to banks, &c.; and if she should receive from the one third net income less than $720, then that sum to be made up—how? Out of the said net annual income. This is not a bequest of any sum certain, but of a share, an interest in, a proportion of the net annual income, not to exceed $720, unless one-third of the said net annual income should be more, and not to be less than $720, unless the whole net annual income should be less, but not to exceed the net annual income in any event.

After the publication of the will of his wife's father, he provides that this interest of his wife should not ever exceed *one-third* of the net annual income, whether that was less than $720 or not, unless the legacy from her father should fall under $333.33 annually. If there should be no net annual income from the estate, the widow was to receive nothing, for the will expressly declares that she shall not receive more than the said net annual income, should the said net annual income (entire) fall short of $720 per annum.

The corporation court, as we have seen, so decided, and its decision was in accordance with the provisions of the will of the testator. We think the decision of the court below is plainly right and must be affirmed.

DECREE AFFIRMED.